AO 243 (Rev. 01/15)                                        Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District: Northern District of Texas |
|---|---|
| Name (under which you were convicted): Robin Rae Loyd | Docket or Case No.: 4:19CR00105-O-01 |
| Place of Confinement: FMC-Carswell | Prisoner No.: 58388-1DD |
| UNITED STATES OF AMERICA v. | Movant (include name under which convicted): Robin Rae Loyd |

**MOTION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 15 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   Northern District of Texas

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): June 25, 2019

   (b) Date of sentencing: June 25, 2019

3. Length of sentence: 168 Months

4. Nature of crime (all counts): 21 U.S.C. Section 841(a)(1) and (b)(1)(C) Possession of a controlled Substance with intent to Distribute.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) N/A    Jury ☐    Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒
8. Did you appeal from the judgment of conviction?    Yes ☐    No ☒

AO 243 (Rev. 01/15)

Page 3

9. If you did appeal, answer the following:
   (a) Name of court: _5th Circuit Court of Appeals_
   (b) Docket or case number (if you know): _19-10871_
   (c) Result: _Dismissed Per Anders Brief_
   (d) Date of result (if you know): _N/A_
   (e) Citation to the case (if you know): _N/A_
   (f) Grounds raised: _Anders Brief_
   _1- District Court Committed No Reversible Error in Accepting Appellant's guilty Plea._
   _2- District Court Committed No Reversible Error at Sentencing_
   _3- Potential Issue - Motion for Downward Variance_

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _N/A_
   (2) Result: _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _N/A_
    (2) Docket or case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐   No ☒
(7) Result: _____ N/A _____
(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: _____
    (2) Docket of case number (if you know): _____
    (3) Date of filing (if you know): _____
    (4) Nature of the proceeding: _____
    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐   No ☒
    (7) Result: _____
    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:   Yes ☐   No ☒
    (2) Second petition:  Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Defendant's Attorney was ineffective Assistance of Counsel for failing to Object to the Methamphetamine weight of 20.2 Kilograms

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Attached Legal Argument and Case. The Real Amount of Methamphetamines defendant is 263 grams not 20.2 Kilograms. The amount of Methamphetamines over 263 grams is now according to Appeals Court case in Helding is "Ghost Dope". Due to unreliable CI's information in Defendant's case defendant may only Be Charged at 263 grams.

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:
Ineffective Assistance of Counsel New Appeals Case Law Under Helding January 2020.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒
   (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: N/A
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐    No ☒
   (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐    No ☒
   (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Ineffective Assistance of Counsel - New Appeals Case Law Under Holding January 2020

**GROUND TWO:** The denial of Motion for Downward Variance prove defendant's Ineffective Assistance of Counsel Claim

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Argument

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance of Counsel Attorney failed to make Binding Argument in Anders Brief

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☒   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Anders Brief

Name and location of the court where the motion or petition was filed: 5th Circuit Court of Appeals

Docket or case number (if you know): 19-10871

Date of the court's decision: Unknown

Result (attach a copy of the court's opinion or order, if available): Dismissed

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐   It was on Appeal Per Anders Brief

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: It was Appeal however, Attorney failed to Appeal full Issue.

**GROUND THREE:** Defendant should be eligible for an evidentiary hearing on the issue of Ghost Dope Due to unreliability of CI's Information.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See Attached Argument

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

        New Case 7th Circuit January 28, 2020

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:   N/A

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    N/A

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

AO 243 (Rev. 01/15) Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐  No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐  No ☒
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): N/A
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

1st - "Ghost Dope" Argument - New Appeals Case Law January 2020.
2nd - Issue Raised in Anders Brief

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

    (a) At the preliminary hearing:
    _Unknown_

    (b) At the arraignment and plea:
    _Unknown_

    (c) At the trial:
    _N/A_

    (d) At sentencing:
    _Unknown_

    (e) On appeal:
    _Brandon Beck_

    (f) In any post-conviction proceeding:
    _Pro-Se_

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    _N/A_

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

    _Timely within 1 Year of Sentencing_

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                        Page 13

Therefore, movant asks that the Court grant the following relief:

_expedited evidentiary hearing on issue(s) and sentence reduction_
or any other relief to which movant may be entitled.

X _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _May 29, 2020_ .
(month, date, year)

Executed (signed) on _May 29, 2020_ (date)

* _Robin Rae Loyd_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

---

1

## INEFFECTIVENESS OF COUNSEL CLAIM
## OF
## ROBIN RAE LOYD

In order to succeed on the claim of ineffective assistance of counsel, the defendant must successfully satisfy each part of the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The defendant must show both that her counsel was deficient and that the defendant was prejudiced because of the deficiencies. Hanson v. Sherrod, 797 F.3d 810, 826 (2015) "Counsel's performance must be 'completely unreasonable' to be constitutionally ineffective, not 'merely wrong.'" (Id, quoting Wilson v. Sirmons, 536 F.3d 1064, 2083 (10th Cir.2008).

In Rogers v. United States, 91 F.3d1388 (10th Cir. 1996), the Tenth Circuit discussed the requirements of an ineffective assistance of counsel claim under Section 2255. The Rogers court stated: Repentance born of a failed trial or sentencing strategy can often be turned against defense counsel. We recognize that such criticism is often converted into a challenge asserting inadequate assistance. Thus, we look for genuine-rather than perceived-ineffectiveness of counsel. Under Strickland we first examine whether "'counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" [United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995)] (quoting Strickland, 466 U.S. at 687, 104 S.Ct at 2064). "[A] defendant is entitled to the exercise [of] the skill, judgment and diligence of a reasonably competent defense attorney." Id. (quotation and citation omitted.). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct at 2065.

Even more recently in the United States v. Herring

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption, that under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.CT. 158, 164, 100 L. Ed. 83 (1955)).

Under the prejudice aspect of Strickland we inquire whether "'there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.'" Kissick, 69 F.3d at 1055 (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "However, a court may not set aside a conviction or a sentence solely because the outcome would have been different absent counsel's deficient performance." Kissick 69 F.3d at 1055. "Instead, in order to establish the required prejudice, a defendant must demonstrate that counsel's performance rendered the proceeding 'fundamentally unfair or unreliable (quoting Lockhart v. Fretwell U.S 364, 368-370, 113 S. Ct. 838, 842-843, 122 L. Ed 2d 180 (1993). Id at 1391-1392.

A court need not determine whether trial counsel's performance was deficient examining whether the defendant established the requisite showing under the second prong requiring prejudice. Jones, 852 F.2d 1275, 1277 (10th Cir. 1988). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." United States v. Taylor, 832 F.2d 1187, 1194-1195 (10th Cir. 1987). The Supreme Court recognizes "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; See also United States v. Rantz, 862 F.2nd 808, 810 (10th Cir. 1988). As the second element of the Strickland test, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceedings fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

Here the proceedings were fundamentally unfair to defendant due to ineffective assistance of counsel.

ROBIN RAE LOYD            Case No. 4:19-CR-00105-O(01)

Defendant's Attorney was ineffective Assistance of Counsel for Allowing her to get a sentence that was greater than necessary. The Denial of downward Variance was due to ineffective assistance of Counsel.

\* It is the court's duty to make sure that a defendant under BOOKER does not receive a sentence "impose a sentence sufficient, but not greater than necessary, to comply" with statutory purposes of the sentencing. 18 U.S.C. Section 3553(a). The purposes include the need for the sentence imposed "to reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense," see id. section 3553(a)(2)(A). "to afford adequate deterrence to criminal conduct," see id. section 3553(a)(2)(B), and "to protect the public from further crimes."

Movant's attorney failed to file any kind of sentencing memorandum regarding any factors that would give the defendant any time of her sentencing including but not limited to family, health status, mental illness, any form of abuse etc.

Counsel failed 3553(a) to provide and the importance of character letters during the sentencing hearing

Movant's attorney failed to make the Court aware of the following which would have qualified for mitigating factors under Booker and 3553(a):

1. Movant's stepmother raised her and was a drug user and alcohol abuser. She attempted suicide on multiple occasions

2. Past Abuse - Domestic Abuse going over 10+ Years

3. Mental - Anxiety, Depression, PTSD and Suicidal Ideation.

4. Family - Kids - 5 Boys all Grown

These all should have been brought before the Court as Mitigating factors under Booker.

ROBIN RAE LOYD                Case No. 4:19-CR-00105-O(01)

Defendant's Attorney was ineffective assistance of Counsel for failing to object to the unreliability of the CI's information as it pertains to "ghost dope."

In the 7th Circuit Court of Appeals decided January 28, 2020 in the case of United States of America v. Helding it held that the "ghost dope" couldn't stand since the CI's information was unreliable.

The Police seized 143.7 kilograms of marijuana from Helding's Car and apartment, and he pleaded guilty to possessing over 100 kilograms

The district Court held Helding responsible for 4,679.7 Kilograms - over 32 times the amount seized. The additional amount was based solely on the Presentence Investigation Report's account that Confidential informants told law enforcement Helding was dealing Significant Amounts

But in Helding's case the sentencing record here did not contain enough to find the CI-provided information sufficiently reliable to influence Helding's guidelines determination and ultimate sentence.

Relying only upon CI's information it fell short of protecting a defendant's due process right to be sentenced on the basis of accurate information.

Accordingly the 7th Circuit Court of Appeals reversed and remanded holding to resentencing.

The Real Amount of Methamphetamines defendant had was 263 grams of methamphetamine not 20.2 kilograms. The defendant was given a level of 36 for the amount of 20.2 Kilograms. The real amount of Methamphetamine found on the defendant was 263 grams which would be a level 26 not 36. This would create a "plain error" and entitles the defendant to an evidentiary hearing due to the CI's unreliable information.

So defendant should have been a 26 on the Sentencing Guidelines chart and should have received a sentence of between 52-71 Months.

Robin Loyd
58388175
Federal Medical Center, Carswell
P.O. Box 27137
Ft. Worth, TX 76127

United States District Court
Office of the Clerk
Northern District of Texas
501 West Tenth St.
Fort Worth, TX 76102

FMC Carswell
P.O. Box 27066
Fort Worth, TX 76127
Mailed: 6-2-20
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. (4)




2020 JUN 15 PM 1:16
RECEIVED